FIRST NATIONAL BANK OF HASTINGS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
First Nat'l Bank v. Commissioner
Docket No. 8310-85.
United States Tax Court
T.C. Memo 1986-445; 1986 Tax Ct. Memo LEXIS 162; 52 T.C.M. (CCH) 514; T.C.M. (RIA) 86445; September 16, 1986. Frank L. *163 Farrar (an officer) and Danny R. Smeins, for the petitioner. Barbara A. Olson and James C. Lanning, for the respondent. COHEN
MEMORANDUM OPINION COHEN, Judge: Respondent determined deficiencies in and an addition to petitioner's Federal income taxes as follows: Addition to Tax
Year Ended
Deficiency
Section 6651(a) [1]
December 31, 1965
$459.00
December 31, 1968
159.86
December 31, 1978
28,430.16
$7,107.54
June 30, 1979
389.00
The issues for determination are whether petitioner's income tax liability should be determined on a consolidated basis with its parent for a fiscal year ended June 30, 1979, or, if not, whether petitioner is nonetheless entitled to report its income on a fiscal year basis coinciding with that of its parent. All of the facts have been stipulated, and the stipulation is incorporated in our findings by this reference. The parties agree that, if we decide the issues for determination against petitioner, the amounts of the deficiency and *164 addition to tax for 1978 are $22,689.62 and $5,672.41, respectively, and respondent's determination is otherwise correct. Petitioner had its principal place of business in Hastings, Minnesota, at the time it filed its petition herein. On July 1, 1978, petitioner became part of a consolidated group with its parent corporation, First Agency of Hastings, Inc.
Prior to 1978, petitioner filed U.S. Corporation Income Tax Returns on a calendar year basis. On August 18, 1978, petitioner filed a short period return as a prerequisite to filing a consolidated return with its parent corporation. That short period return reported a net loss of $106,390.97. On September 15, 1979, the group filed an Application for Automatic Extension of Time to File (Form 7004), requesting extension of the due date for the return for the period ended June 30, 1979, to December 15, 1979. The requested extension was granted. The return for the period ended June 30, 1979, however, was not filed until June 25, 1980, and was therefore not timely. Forms 841 and 1122, consenting to the applicability of regulations under section 1502, were filed with the late consolidated return for the period ended June 30, 1979. *165 Respondent determined that petitioner had not made a timely election to file on a consolidated basis with its parent and that, therefore, petitioner should have continued to report its income on a calendar year basis. Petitioner contends that its election, although late, should be allowed or, alternatively, that it is entitled to file its separate return for the fiscal year period ended June 30, 1979, the same fiscal year adopted by its parent. Respondent acknowledges that petitioner was entitled to file a consolidated return with its parent for the year ended June 30, 1980, and the deficiency determined for the period ended June 30, 1979, is for a 6-month period. In its petition and its brief, petitioner argues that the late filing should be excused because it was due to inadvertence of the preparer of the return. There is, however, no evidence in the record as to how the return was prepared or why it was filed late, and petitioner's assertions concerning those matters are therefore disregarded. [2] See Rule 143(b), Tax Court Rules of Practice and Procedure.
*166 Sections 1501 and 1502 provide as follows: SEC. 1501. PRIVILEGE TO FILE CONSOLIDATED RETURNS. An affiliated group of corporations shall, subject to the provisions of this chapter, have the privilege of making a consolidated return with respect to the income tax imposed by chapter 1 for the taxable year in lieu of separate returns. The making of a consolidated return shall be upon the condition that all corporations which at any time during the taxable year have been members of the affiliated group consent to all the consolidated return regulations prescribed under section 1502 prior to the last day prescribed by law for the filing of such return. The making of a consolidated return shall be considered as such consent. In the case of a corporation which is a member of the affiliated group for a fractional part of the year, the consolidated return shall include the income of such corporation for such part of the year as it is a member of the affiliated group. SEC. 1502. REGULATIONS. The *167 Secretary shall prescribe such regulations as he may deem necessary in order that the tax liability of any affiliated group of corporations making a consolidated return and of each corporation in the group, both during and after the period of affiliation, may be returned, determined, computed, assessed, collected, and adjusted, in such manner as clearly to reflect the income tax liability and the various factors necessary for the determination of such liability, and in order to prevent avoidance of such tax liability. In accordance with section 1502, regulations have been adopted specifying the manner in which the group must exercise its privilege of filing a consolidated return. Section 1.1502-75(a)(1), Income Tax Regs., provides: (a) Privilege of filing consolidated returns -- (1) Exercise of privilege for first consolidated return year. A group which did not file a consolidated return for the immediately preceding taxable year may file a consolidated return in lieu of separate returns for the taxable year, provided that each corporation which has *168 been a member during any part of the taxable year for which the consolidated return is to be filed consents (in the manner provided in paragraph (b) of this section) to the regulations under section 1502. If a group wishes to exercise its privilege of filing a consolidated return, such consolidated return must be filed not later than the last day prescribed by law (including extensions of time) for the filing of the common parent's return. Such consolidated return may not be withdrawn after such last day (but the group may change the basis of its return at any time prior to such last day). Because the return in question here was filed over 6 months after the last date for filing under the extension granted, it did not comply with the above regulations. Petitioner argues that respondent has discretion to allow a late election, citing section 1.1502-75(b)(3), Income Tax Regs., which deals solely with the failure of a member of the consolidated group to join in the making of the return as it is related to the necessity that all members of the group file consents. *169 That section has no application to the situation where, as here, the return itself was not filed timely, as required by section 1.1502-75(a), Income Tax Regs.
Petitioner also refers to the authority of the Commissioner to grant an extension of time for making an election, citing section 1.9100-1, Income Tax Regs. That section provides: Sec. 1.9100-1 Extension of time for making certain elections. (a) In general. The Commissioner in his discretion may, upon good cause shown, grant a reasonable extension of the time fixed by the regulations in this chapter for the making of an election or application for relief in respect of tax under subtitle A of the Code provided -- (1) The time for making such election or application is not expressly prescribed by law; (2) Request for the extension is filed with the Commissioner before the time fixed by the regulations for making such election or application, or within such time thereafter as the Commissioner may consider reasonable under the circumstances; and (3) It is shown to the *170 satisfaction of the Commissioner that the granting of the extension will not jeopardize the interests of the Government. For purposes of this section, an application for an extension of time for filing a return under section 6081 is not an application for relief in respect of tax. There is no evidence in the record, however, from which we can determine that petitioner requested an extension of time to make the election, that petitioner had good cause for an extension, or that the Commissioner abused his discretion in failing to extend the time.We infer from the absence of information to the contrary, however, that no request for an extension was filed before the time fixed by section 1.1502-75(a), Income Tax Regs., as required by section 1.9100-1(a)(2), Income Tax Regs. The matter of an extension was apparently not raised before petitioner's brief was filed in this case on August 1, 1986. Thus there is no basis in fact or law for relieving petitioner of the requirements of timely filing of the consolidated return for the first period *171 for which the privilege of filing such a return was sought, and petitioner is not entitled to be treated as having participated in a consolidated return for the year ended June 30, 1979. Petitioner contends alternatively that its filing of a short period return for the period ended June 30, 1978, effected a change in its accounting period from a calendar year to a fiscal year, and that, therefore, it is entitled to file a return for the fiscal year ended June 30, 1979. Petitioner argues that the short period return was accepted by the Internal Revenue Service and that the period for assessment of any tax on the basis of that return expired 3 years after the September 15, 1978, due date of that return. Thus, implies petitioner in its brief, the notice of deficiency sent January 17, 1985, was untimely.This statute of limitations argument was not raised by petitioner in the petition or prior to its brief and, therefore, has not properly been raised. See Rule 34(b)(4) and Rule 39, Tax Court Rules of Practice and Procedure. In any event, the statute of limitations argument lacks merit because petitioner's short period return did not satisfy petitioner's obligation to file a return *172 for 1978. Section 1.1502-76(c)(2), Income Tax Regs., provides in pertinent part: (2) Consolidated return not filed by due date for separate return. If the group has not filed a consolidated return on or before the due date for the filing of a subsidiary corporation's separate return (including extensions of time and determined without regard to any change of its taxable year required under paragraph (a) of this section), then on or before such due date such subsidiary shall file a separate return either for the portion of its taxable year for which its income would not be included in a consolidated return if such a return were filed, or for its complete taxable year. However, if a separate return is filed for such portion of its taxable year and the group subsequently does not file a consolidated return, such subsidiary corporation shall file a substituted return for its complete taxable year not later than the due date (including extensions of time) prescribed for the filing of the common parent's return. * * * [Emphasis supplied.] Thus, *173 as argued by respondent, when the consolidated group failed to file its return for the year ended June 30, 1979, by the due date, December 15, 1979, petitioner had an obligation to file a separate return for its complete taxable year 1978 using its original accounting period, the calendar year. A comparable situation is set forth as an example in section 1.1502-76(c)(3), Income Tax Regs., as follows: Example (1). Corporation P, which filed a separate return for the calendar year 1966, acquires all of the stock of corporation S as of the close of December 31, 1966. Corporation S reports its income on the basis of a fiscal year ending March 31. On June 15, 1967, the due date for the filing of a separate return by S (assuming no extensions of time), a consolidated return has not been filed for the group (P and S). On such date S may either file a return for the period April 1, 1966, through December 31, 1966, or it may file a return for the complete fiscal year ending March 31, 1967. If S files a return for the short period ending December 31, 1966, and if the group elects not to file a consolidated return for the calendar year 1967, S, on or before *174 March 15, 1968 (the due date of P's return, assuming no extensions of time), must file a substitute return for the complete fiscal year ending March 31, 1967, in lieu of the return previously filed for the short period. * * * Under the foregoing regulations, the failure of the consolidated group to file timely a consolidated return triggered a requirement that petitioner file a separate return on the basis of its prior reporting period, in this case the calendar year. Petitioner's return for the calendar year ended December 31, 1978, was thus due not later than December 15, 1979, the due date prescribed for the filing of its parent's return. Because it did. not file that return, the statute of limitations does not bar assessment. Section 6501(c)(3). Because the above regulation, section 1.1502-76(c)(2) and (3), Example 1, expressly provides the procedures applicable to this case, cases cited by petitioner from other contexts provide no assistance in resolving the issues. If petitioner had intended to change its accounting period for filing a separate return aside from the failed attempt to file a consolidated return with its parent, it was required to comply with section *175 442 and the regulations promulgated thereunder. A requirement under that section is that the taxpayer file a Form 1128 with the Commissioner on or before the 15th day of the second calendar month following the close of the period to be changed. Section 1.442-1(b)(1), Income Tax Regs. An exception is provided in section 1.442-1(d), Income Tax Regs., in the event that the taxpayer complies with section 1.1502-76(a)(1), Income Tax Regs., which it did not for reasons set forth above. Moreover, as pointed out by respondent, the short period return filed by petitioner reported a net operating loss, and, therefore, the change of accounting period required prior approval of the Commissioner. Section 1.442-1(c)(2)(ii), Income Tax Regs.
For all of the foregoing reasons, respondent's determination must be sustained. Decision will be entered in accordance with the stipulation.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩
2. This problem was pointed out in respondent's opening brief. Notwithstanding the Court's order for simultaneous briefs, petitioner failed to file a reply brief, so we do not know its response to the point.↩